# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**Cherish Crum,**

*Plaintiff*,

vs.

**All Debt Solutions, Inc. d/b/a 1st Class Agency,**

*Defendant*

Case No.: 8:21-cv-1756

Ad Damnum:   $3,000 + Atty Fees & Costs

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Cherish Crum** ("**Ms. Crum**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **All Debt Solutions, Inc.** d/b/a **1st Class Agency** ("**All Debt Solutions**"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Ms. Crum against All Debt Solutions for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**"), the *Fair Credit Reporting Act*, 15 U.S.C. §1681, *et seq.* ("**FCRA**"), and the *Florida Consumer Collection Practices Act*, Section 559.55, *et seq.*, Florida Statutes ("**FCCPA**").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

1

3. All Debt Solutions is subject to the provisions of the FDCPA, the FCRA and the FCCPA and to the jurisdiction of this Court pursuant to Florida Statute § 48.193 and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because the acts complained of were committed and / or caused by All Debt Solutions within Polk County, which is in the Middle District of Florida.

## PARTIES

5. **Ms. Crum** is a natural person residing in Lakeland, Polk County, Florida, and a *Consumer* as defined by the FDCPA and the FCRA, 15 U.S.C. § 1692a(3) and 15 U.S.C. §1681a(c), respectively.

6. All Debt Solutions is a Massachusetts corporation with a primary business address of **258 Main Street, Suite 210, Milford, MA 01757.**

7. All Debt Solutions is registered to conduct business in the State of Florida, where its registered agent is **Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301**.

8. All Debt Solutions does business under the fictitious name 1st Class Agency, which is registered with the Florida Secretary of State.

9. All Debt Solutions is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), in that it uses postal mail or another instrumentality of commerce, interstate and within the State of Florida, for its business, the principal purposes of which is the collection of debts. Alternatively, it regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. All Debt Solutions is registered with the Florida Office of Financial Regulation as a *Consumer Collection Agency* ("**CCA**"), holding license number **CCA0904224.**

## FACTUAL ALLEGATIONS

11. Prior to September 2020, Ms. Crum hired Creative Edge Landscape and Lawncare, LLC ("**Creative Edge**"), a Lakeland lawn care service, to re-sod her lawn at her primary place of residence in Lakeland, Florida.

12. Creative Edge failed to complete the job or any substantial portion of it.

13. Ms. Crum informed Creative Edge of these problems, but the problems were not cured.

14. Due to Creative Edge's breach of contract, Ms. Crum was forced to hire another company to finish the work Creative Edge failed to deliver.

15. Creative Edge never communicated to Ms. Crum it believed any amount was owed, nor did Creative Edge present any invoice to Ms. Crum claiming an amount was owed.

16. Nonetheless, at some point after Creative Edge abandoned the job at Ms. Crum's residence, Creative Edge alleged Ms. Crum owed $1,440 (the "**alleged Debt**" or "**Debt**").

17. The Debt arose from services which were for family, personal, or household purposes, and meets the definition of "debt" under the FDCPA, 15 U.S.C. § 1692a(5).

18. In or around September 2020, Creative Edge transferred or otherwise assigned the Debt to All Debt Solutions for collection.

19. For the aforementioned reasons, Ms. Crum disputes owing the Debt.

20. In November 2020, All Debt Solutions reported the Debt to Experian Information Solutions, Inc ("**Experian**"), a nationwide *Consumer Credit Reporting Agency* ("**CRA**"), as an unpaid debt in collection.

21. On or about April 23, 2021, Ms. Crum disputed All Debt Solutions' reporting to Experian, stating the debt was disputed because the "work" she was being billed for was never performed and that she had to hire another company to finish the job.

22. Experian then sent All Debt Solutions an *Automated Consumer Dispute Verification* ("**ACDV**") request and asked All Debt Solutions to make a reasonable investigation into the dispute.

23. Upon receipt of the ACDV request, All Debt Solutions knew that Ms. Crum disputed the Debt.

24. The ACDV was sent via e-OSCAR, an online system used by CRAs to communicate with furnishers of data, such as debt collectors.

25. When responding to an ACDV through e-OSCAR, the person sending the response must electronically sign to confirm as follows:

> [b]y submitting this ACDV, you certify that you have verified the accuracy of the data in compliance with all legal requirements, and your computer and/or manual records will be adjusted to reflect the changes noted.

26. All Debt Solutions returned the ACDV to Experian, verifying it had completed its investigation and that all its information was accurate. **SEE PLAINTIFF'S EXHIBIT A.**

27. All Debt Solutions had no basis to reasonably conclude the Debt was legitimately owed; to the contrary, it had, from Ms. Crum's dispute, ample evidence to conclude the Debt was not owed.

28. Further, despite Ms. Crum clearly and meritoriously disputing the accuracy of All Debt Solutions' reporting, All Debt Solutions failed to so much as determine its reporting needed to be amended to reflect the data was "disputed by consumer."

29. To report an account as "disputed by consumer," a data furnisher like Suncoast can ensure notice of dispute is included in its reporting simply by reporting a "compliance condition code" ("**CCC**").

30. For example, reporting a CCC of "XB" (shorthand for "consumer disputes account information") tells the CRAs to include notice in the credit file that the consumer disputes the tradeline in any reports sold.

5

31. Many consumer credit scores, including most versions of FICO, will disregard a tradeline indicating a collection balance if the "XB" compliance condition code is reported by the data furnisher.

32. Thus, All Debt Solutions' failure to include notice of dispute in its reporting of this inaccurate and severely negative tradeline further damaged Ms. Crum's credit scores.

33. At no point did Ms. Crum indicate, or even imply, to All Debt Solutions that she agreed she owed the debt and no longer disputed it.

34. Thus, All Debt Solutions had no reason to believe the Debt was no longer disputed by Ms. Crum.

35. Indeed, All Debt Solutions had every reason to believe the opposite, that Ms. Crum actively disputed the debt.

36. When responding to an ACDV and indicating information and been verified as accurate, "the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true." *Hinkle v. Midland Credit Management, Inc.* (11th Cir.) 827 F.3d 1295 (2016)

37. Upon information and belief, All Debt Solutions could have easily asked its client, Creative Edge, for additional documentation about the Debt it had placed for collection, but did not.

38. This also establishes All Debt Solutions' investigation was not reasonable since "(w)hen a furnisher has access to dispute-related information beyond the

information provided by the CRA, it will often be reasonable for the furnisher to review that additional information and conduct its investigation accordingly." *Hinkle*, Id.

39. No evidence could have been gathered by All Debt Solutions to support the conclusion the Debt was *not* disputed, since All Debt Solutions possessed only evidence suggesting the debt *was* disputed.

40. The failure to update reporting to indicate a debt is disputed can in and of itself violate the FCRA; see *Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142 (4th Cir. 2008).

41. As such, All Debt Solutions' investigation was inherently unreasonable since any reasonable investigation could not have determined an actively disputed debt should be reported as "disputed."

42. The failure to properly report a disputed debt as disputed creates a concrete injury-in-fact because the failure to disclose this information affects credit scores, meaning Ms. Crum suffered "a real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio Recovery Associates*, 889 F. 3d 337, 345 (7th Cir 2018).

43. Reporting a debt to a CRA is an attempt to collect the Debt.

44. All Debt Solutions continued to make monthly reports to Experian, including reports in May, June, and July 2021 and thus engaged in new, post-dispute communications.

45. Neither of the May, June or July 2021 reports disclosed the Debt as disputed. **SEE PLAINTIFF'S EXHIBIT B.**

46. All Debt Solutions, as of April 2021, had reason to know the information it was reported was not accurate.

47. Despite this, All Debt Solutions continued to report the Debt – *sans* notice of dispute – in an attempt to hold Ms. Crum's credit report hostage to get her to pay a contested, illegitimate debt, for which All Debt Solutions stood to receive a 40% commission.

48. All Debt Solutions' reports to the CRAs are "communications" as defined by 15 U.S.C. § 1692a(2).

49. Ms. Crum has hired the aforementioned law firm to represent her in this matter and is obligated to pay its reasonable fees or has assigned her right to fees and costs to the firm.

## COUNT I
## VIOLATIONS OF THE FDCPA

50. Ms. Crum adopts and incorporates paragraphs 1 – 49 as if fully stated herein.

51. All Debt Solutions violated **15 U.S.C. § 1692e and 1692e(10)** in that All Debt Solutions made false representations in an attempt to collect a debt by failing to report a disputed debt as disputed, and, to the contrary, reported the Debt as non-disputed multiple times after receiving notice of dispute. All Debt Solutions also reported the Debt after knowledge it was not legitimate and not owed by Ms. Crum.

52. All Debt Solutions violated **15 U.S.C. § 1692e(2)(a)** in that All Debt Solutions made false representations about the character, amount and legal status of a debt by failing to report a disputed debt as disputed, and, to the contrary, reported the Debt as non-disputed multiple times after receiving notice of dispute. All Debt Solutions also reported the Debt after knowledge it was not legitimate and not owed by Ms. Crum.

53. All Debt Solutions violated **15 U.S.C. § 1692e(8)** in that All Debt Solutions communicated credit information known to be false by reporting a balance was owed to Creative Edge, when no balance was actually owed.

54. All Debt Solutions violated **15 U.S.C. § 1692e(8)** in that All Debt Solutions communicated credit information known to be disputed without disclosure of dispute in its reports to Experian in April, May and June 2021.

55. All Debt Solutions violated **15 U.S.C. § 1692f** in that All Debt Solutions used unfair means to collect a Debt by intentionally reporting information it knew – or should have known – was false, to damage Ms. Crum's credit and attempt to compel her to pay a disputed, illegitimate debt.

56. All Debt Solutions' actions were willful and intentional as it could not have negligently made reports and responded to disputes to the CRAs.

57. All Debt Solutions' actions render All Debt Solutions liable for the above-stated violations of the FDCPA.

**WHEREFORE**, Ms. Crum respectfully requests this Honorable Court enter judgment against All Debt Solutions for:

a. Statutory damages of **$1,000** pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCRA

58. Ms. Crum adopts and incorporates paragraphs 1 – 49 as if fully stated herein.

59. All Debt Solutions violated **15 U.S.C. § 1681s-2(b)** when it failed to make a reasonable investigation after notice of dispute from a CRA, Experian, since any reasonable investigation would have concluded that All Debt Solutions' reporting was no longer complete or accurate unless modified to include the fact the debt was disputed by the consumer, Ms. Crum. Further, All Debt Solutions had no reason to believe the Debt was legitimately owed, but confirmed it was accurate anyway, and did not seek to obtain any clarification or additional information from its client, Creative Edge.

60. All Debt Solutions' conduct was willful and intentional, or, alternately, was engaged in with a reckless disregard for the rights of a consumer.

61. All Debt Solutions is liable under the FCRA to Ms. Crum in a statutory amount up to $1,000 *per incident*.

**WHEREFORE,** Ms. Crum respectfully requests this honorable Court to enter judgment in her favor, and against All Debt Solutions, for:

a. The greater of Ms. Crum's actual damages or statutory damages of **$1,000** per incident pursuant to 15 U.S.C. § 1681n(a)(1)(B) or 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

### COUNT III
### VIOLATIONS OF THE FCCPA

62. Ms. Crum adopts and incorporates paragraphs 1 – 49 as if fully stated herein.

63. All Debt Solutions violated **Section 559.72(5), Florida Statutes**, when it reported the Debt to Experian, a nationwide CRA, with full knowledge that the information it was reporting about the Debt was not accurate, but reported it anyway, in an attempt to collect a disputed debt from Ms. Crum.

64. All Debt Solutions violated **Section 559.72(6), Florida Statutes**, when it reported the Debt to Experian, a nationwide CRA, with full knowledge that the information it was reporting about the Debt was disputed, but failed to include notice of dispute.

65.   All Debt Solutions made its reports to Experian with malice, in an attempt to intentionally harm Ms. Crum.

**WHEREFORE,** Ms. Crum respectfully requests that this Honorable Court enter judgment against All Debt Solutions, for:

a.   Statutory damages of **$1,000** pursuant to Section 559.77(2), Florida Statutes;

b.   Actual damages, including damages for loss of credit opportunities, damage to credit scores, and emotional distress pursuant to Section 559.77(2), Florida Statutes;

c.   Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and

d.   Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Crum hereby demands a jury trial on all issues so triable.

Respectfully submitted **July 20, 2021**, by:

**SERAPH LEGAL, P.A.**

/s/ *Bridget L. Scarangella*
Bridget L. Scarangella, Esq.
Florida Bar No.: 1022866
BScarangella@seraphlegal.com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Attorney for Plaintiff*

**ATTACHED EXHIBITS LIST**
A    Plaintiff's Experian Consumer Disclosure, April 28, 2021, Excerpt
B    Plaintiff's Experian Consumer Disclosure, July 13, 2021, Excerpt

**Exhibit A**
**Plaintiff's Experian Consumer Disclosure- April 28, 2021-Exerpt**

4/12/2021            Experian - Access your credit report

SHARON HARRELL  |  Report number 2161-1305-60  |  April 12, 2021  |  Print  |  Close window

**Print your report**

Below is all the information currently in your credit report. The payment history guide and common questions will help explain your credit information. Print this page or write down your report number for future access.

**Address**
Experian
P.O. Box 9701 Allen, TX 75013

Any pending disputes will be highlighted below.

**Personal Information**

Name(s) associated with your credit

| Name | Name identification number |
|---|---|
| SHARON HARRELL | 26033 |

**Redacted**

Address(es) associated with your credit

| Address | Address identification | Residence type | Geographical code |
|---|---|---|---|

**Redacted**

1/40